UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 07-432 |
| JANARD WALTON | SECTION: R |

**ORDER AND REASONS**

Before the Court is Janard Walton's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (R. Doc. 34). For the following reasons, the motion is DISMISSED.

**I. Background**

In December of 2007, Janard Walton was indicted on two counts. One count charged that he knowingly and intentionally possessed with the intent to distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and the other charged that he knowingly possessed a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] He pleaded guilty to these counts without a plea agreement on June 4, 2008.[2] During his rearraignment, Walton affirmed that he was pleading guilty because he was, in fact, guilty of the crimes charged in the

---

[1] R. Doc. 3.

[2] R. Doc. 21.

indictment.[3] He also stated that he had signed the factual basis that had been offered to the Court, that he had read and had understood it, and that his actions were accurately described in the factual basis.[4] This factual basis indicated that in October of 2007, Walton, upon being approached by officers of the New Orleans Police Department, discarded a bag containing 4.49 grams of cocaine base.[5]

The Court sentenced Walton on October 8, 2008. Neither the government nor the defense indicated any objections to the presentence investigation report ("PSI"), and the Court adopted the report as its findings of fact. Based on the report, the Court found that Walton's offense level was 25 and, with a criminal history of VI, his sentencing range was 110 to 137 months as to each count.[6] The Court sentenced him to 115 months of imprisonment on each count, both sentences to run concurrently.

Walton now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. His first argument is that he was denied his constitutional right to effective assistance of counsel because his lawyer failed to object to the probation

---

[3] Rearr. Hr'g Tr. 8, 11, June 4, 2008.

[4] *Id.* at 10-11.

[5] R. Doc. 23 at 2.

[6] Sent. Hr'g Tr. 3, Oct. 8, 2008.

officer's determination of the base offense level in the PSI.  In connection with this argument, he contends that the Court incorrectly determined the base offense level for his drug offense.  Finally, he asks the Court to "take mitigating circumstances under consideration pursuant to title 18 U.S.C. § 3553(a)."[7]  The Court rules as follows.

**II. Legal Standard**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[8]  As with the writ of habeas corpus,[9] only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[10]  A claim of error that is neither

---

[7] R Doc. 34 at 17.

[8] 28 U.S.C. § 2255(a).

[9] *See* 28 U.S.C. §§ 2241, 2254.

[10] 28 U.S.C. § 2255(a); *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

constitutional nor jurisdictional is not cognizable in a 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."[11] As with the writ of habeas corpus, there are a number of pragmatic limitations on the district court's authority to grant relief under section 2255.[12]

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion."[13] If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action.[14] The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery.[15]

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials

---

[11] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

[12] *See generally* 7 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 28.9(b) (3d ed. 2007) (discussing custody requirement, procedural default, non-retroactivity, exhaustion of direct appeals, statute of limitations, successive petitions, and waiver).

[13] RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b).

[14] *Id.*

[15] RULES GOVERNING SECTION 2255 PROCEEDINGS, Rules 6-7.

4

submitted by the parties, the court must determine whether an evidentiary hearing is warranted.[16] Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[17] No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[18]

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.[19] For certain "structural" errors, relief follows automatically once the error is proved.[20] For other "trial" errors, the court may only grant relief if the error "had substantial and injurious effect or influence" in determining the outcome of the case.[21]

---

[16] RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8.

[17] 28 U.S.C. § 2255(b).

[18] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)); *see also United States v. Cavitt*, 550 F.3d 430, 441-42 (5th Cir. 2008).

[19] *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

[20] *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir. 2003).

[21] *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* harmless error standard in a section 2255 proceeding); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) (same).

If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[22] This provision has been interpreted to grant the district courts "broad and flexible power . . . to fashion an appropriate remedy."[23]

**III. Discussion**

*A. Ineffective Assistance of Counsel and Calculation of Base Offense Level*

Walton first contends that he received ineffective assistance of counsel. To establish an ineffective-assistance-of-counsel claim, a petitioner must show that his counsel's performance was constitutionally deficient and that he suffered prejudice as a result of the deficiency.[24] The petitioner must establish both the "deficiency" and the "prejudice" prongs of the *Strickland v. Washington* test. If the Court finds that he has made an insufficient showing as to either prong, it may dispose

---

[22] 28 U.S.C. § 2255(b).

[23] *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000).

[24] *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984).

6

of the claim without addressing the other prong.[25] It does not matter for Sixth-Amendment purposes whether counsel was retained or appointed.[26]

With respect to the "deficiency" prong, the Fifth Circuit has held that trial counsel's performance must be judged against "an objective standard of reasonableness, mindful of the strong presumption of adequacy."[27] It would be impossible to summarize the many ways in which an attorney's performance might be constitutionally deficient, but the Fifth Circuit had laid out certain guiding principles. Counsel's basic duty is to "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."[28] "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention,"[29] but a "conscious and informed decision on trial tactics and strategy" will not be considered deficient unless it is "so ill chosen that it

---

[25] *See id.* at 697; *see also United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

[26] *See Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980).

[27] *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

[28] *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)).

[29] *Id.*

permeated the entire trial with obvious unfairness."[30] In evaluating counsel's performance, the district court should make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial.[31]

With respect to the "prejudice" prong, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[32] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[33] In cases involving counsel's performance at the sentencing stage, the Supreme Court and the Fifth Circuit have emphasized that *Strickland* prejudice exists whenever there is a reasonable probability that, but for counsel's errors, the defendant's term of actual imprisonment would have differed in "any amount."[34]

Walton contends that his counsel failed to object to his base offense level as calculated in the PSI and adopted by the

---

[30] *Green*, 116 F.3d at 1122 (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003).

[31] *See Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998) (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)).

[32] *Strickland*, 466 U.S. at 694.

[33] *Id.*

[34] *Conley*, 349 F.3d at 842 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

Court without objection.  He refers to a 2007 amendment to the
Sentencing Guidelines — Amendment 706 — which reduced by two
levels the base offense levels for quantities of cocaine base.[35]
Walton claims that, because of his attorney's failure to object,
the calculation of his base offense level did not take this
amendment into account.  His specific contention is that his
"[c]ounsel failed to object to the Presentence Report regarding
the Drug Table Offense Level for 3.9 grams of crack cocaine,
which as a result of the crack cocaine Amendment 706 had changed
the [base offense level] from [base offense level] 22 to 20."[36]
Had the PSI properly included the two-level reduction for
cocaine-base offenses, Walton argues, his base offense level
before adjustments would have been 20.

This contention is without merit.  First of all, Walton has
his facts wrong.  His figure of 3.9 grams of cocaine base does
not appear to have any basis in the record.  He stated under oath
that the factual basis in this matter was accurate, and the
factual basis states that Walton possessed of 4.49 grams of

---

[35] *See* United States Sentencing Guideline Manual (2007),
App. C, Amends. 706 & 711; *United States v. Burns*, 526 F.3d 852,
861 (5th Cir. 2008) (explaining that Amendment 706 to the
Sentencing Guidelines retroactively "adjusts downward by two
levels the base offense level for the quantity of crack" as of
November 1, 2007).

[36] R. Doc. 34 at 15.

cocaine base.[37] This is the amount of cocaine base upon which the PSI based its figures.

Second, Walton has already received the reduction specified by Amendment 706. The PSI applied the 2007 version of the United States Sentencing Guidelines Manual.[38] It found that, because Walton had pleaded guilty to possession with intent to distribute 4.49 grams of cocaine base, his base offense level was controlled by section 2D1.1 of the United States Sentencing Guidelines, which specifies that the base offense level should be calculated with reference to a Drug Quantity Table listing different offense levels for different quantities of drugs. Based upon the 2007 version of the guidelines, 4.49 grams of cocaine base resulted in a base offense level of 22.[39]

This calculation clearly includes the two-level adjustment specified by Amendment 706. That amendment changed the precondition for a base offense level of 22 to "[a]t least 4 G but less than 5 G of cocaine base" from the previous precondition

---

[37] *See* Rearr. Hr'g Tr. 8, 11, June 4, 2008; R. Doc. 23 at 2.

[38] Presentence Investigation Rep. 5, Aug. 25, 2008.

[39] U.S.S.G. § 2D1.1(c)(9) (2007) (specifying a base offense level of 22 for "[a]t least 4 G but less than 5 G of Cocaine Base"). This determination was not his final offense level, as he received enhancements for his firearms offense, which was grouped together with his drug offense under U.S.S.G. § 3D1.2 (2007). He also received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. *See* Presentence Investigation Rep. 5-6, Aug. 25, 2008.

of "[a]t least 3 G but less than 4 G of cocaine base."[40] The 2007 guidelines manual, upon which the probation officer relied, incorporates this amendment. In fact, if Walton had been sentenced under the pre-amendment 2006 guidelines for the same quantity of cocaine base, his base offense level would have been 24.[41]

Accordingly, Walton's assertion is that his counsel failed to object to an accurate determination of his base offense level that was based upon up-to-date version of the sentencing guidelines. This is hardly a deficient performance by Walton's counsel, and Walton cannot demonstrate any prejudice from failure to object.[42] His claim that he received ineffective assistance of counsel is therefore without merit.[43]

Walton also asks the Court to take mitigating circumstances into account under 18 U.S.C. § 3553(a).[44] He notes that he has

---

[40] United States Sentencing Guideline Manual (2007), App. C, Amend. 706.

[41] *See* U.S.S.G. § 2D1.1(c)(8) (specifying a base offense level of 24 for "[a]t least 4 G but less than 5 G of Cocaine Base").

[42] *See Strickland*, 466 U.S. at 687-96.

[43] In addition, because Walton is plainly ineligible for a further reduction based on Amendments 706 and 711, the Court need not address the issue of whether it should construe his argument as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

[44] This argument is partially predicated on the modification to Walton's sentence that the Court has already rejected. Out of

paid all his fees and has been in compliance with his sentence, that he has demonstrated acceptance of responsibility for his offense, and that the Sentencing Commission did not take into account the guidelines disparity between powder cocaine and cocaine base. The Court, of course, had already taken all these factors into account when it handed down Walton's sentencing based upon largely same facts and law as are presented now.[45] In addition, Walton has not explained how this argument is one of constitutional or jurisdictional significance,[46] and a guidelines sentence is no miscarriage of justice.[47] This claim is not the type of claim that is cognizable upon a motion under § 2255, and the Court therefore rejects his argument.

Furthermore, as stated above, no evidentiary hearing is required under § 2255 when a the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[48]

---

caution, the Court will address this argument separately.

[45] Sent. Hr'g Tr. 5, Oct. 8, 2008. Walton's compliance with his sentence is, of course, mandatory and is not a ground for reducing its length.

[46] *See United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) ("on collateral attack, a defendant is limited to alleging errors of a constitutional or jurisdictional magnitude"); *see also Limon-Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974); *see also* 28 U.S.C. § 2255(a) (limiting grounds for collateral attack).

[47] *Addonizio*, 442 U.S. at 185; *Samuels*, 59 F.3d at 528.

[48] *Edwards*, 442 F.3d at 264.

Beyond what has already been discussed, Walton has provided nothing that might be considered an independent basis for believing that his contentions are meritorious. In sum, it plainly appears from the motion and the record of the prior proceeding that Walton is not entitled to relief on any of his claims. His motion is therefore DISMISSED.

*B. Certificate of Appealability*

The Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[49] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[50] In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve

---

[49] RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 11(a).

[50] 28 U.S.C. § 2253(c)(2).

encouragement to proceed further.'"[51] With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[52]

Walton's motion does not satisfy these standards. Walton's constitutional claim is that his counsel failed to object to an accurate determination of his base offense level. His remaining claims are meritless and are not the type of claims that courts will hear on collateral review. Reasonable jurists would not find his arguments to be fertile grounds for debate.

**IV. Conclusion**

For the foregoing reasons, Walton's motion under § 2255 is DISMISSED. The Court will not issue a certificate of appealability.

**New Orleans, Louisiana, this   4th   day of June, 2010.**

*Sarah Vance*
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**

---

[51] 537 U.S. 322, 336 (2003).

[52] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).